IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. MARTIN,   )<br>   )<br>    Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>JAMES A. YATES, *et al.*,   )<br>   )<br>    Defendants.   )<br>—————————————————)<br>   ) | No. CV 1:08-CV-01401-CKJ<br><br>**ORDER** |

    On April 1, 2010, Defendants filed a Motion to Dismiss. Defendants' Motion to Dismiss is now pending before the Court. The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Similarly, the Ninth Circuit has required notice be provided when a motion to dismiss has been filed. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Therefore, this Court notifies the Plaintiff of his rights and responsibilities pursuant to *Terhune.*

    **ACCORDINGLY**, the Court **NOTIFIES** Plaintiff as follows:

    1.    Defendants are seeking to have your case dismissed through a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure or, in the Alternative, a Motion to Dismiss. Summary judgment means that instead of going to trial where you and Defendants can argue your versions of the facts and present witnesses in support of your versions, the Court decides the case after reading the Motion, your Response, and Defendants' Reply. **IF THE COURT GRANTS THE MOTION FOR**

**SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL**. Rule 56 tells you what you must do in order to oppose the motion.

    a.    Generally, a Motion for Summary Judgment must be granted when the Court finds that, through the Motion for Summary Judgment, Defendants have demonstrated there is no real dispute about any fact that would affect the outcome of your case, and the Court is able to decide that the Defendants are entitled to judgment as a matter of law.

    b.    When Defendants support a Motion for Summary Judgment with proper declarations (or other sworn testimony) or other evidence, you cannot merely rely on what your Complaint says to defend your version of the issues and facts. Instead, you must show that there is a genuine issue of material fact. In order to do this, you must also set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents.

    c.    The declarations or other sworn testimony setting out your **specific facts** must be made on personal knowledge, must set forth such facts as would be admissible as evidence, and must affirmatively show that the affiant is competent to testify regarding the matters in the declaration or other sworn testimony. *See* Local Rules of the United States District Court for the Eastern District of California ("L.R.") 142.

    d.    If the Court determines that any of the declarations or other sworn testimony are made in bad faith, the Court may order the party employing the bad faith to pay the other party for costs associated with controverting that testimony, including the other party's attorney's fees.

    2.    If you do not submit your own evidence in opposition to the Motion, the moving party's evidence might be taken as truth and final Judgment might be entered against you without a trial. **IF THAT OCCURS, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL.**

3. In addition, Rule 260(b), Local Rules of the United States District Court for the Eastern District of California, requires that you include, as a document separate from your Response to the Motion for Summary Judgment, a statement of the specific facts on which you are relying in opposing the Summary Judgment motion. In this statement of facts, you cannot provide a general description of the facts. Instead, you must list each specific fact on which you rely in a separately numbered paragraph, and must explain where in the record that fact can be found. For example, if one of your facts is that a certain prison official did something, you must explain where that fact can be found – in a certain declaration, affidavit, deposition, answer to interrogatories, authenticated document, etc.

IT IS FURTHER ORDERED that:

4. **YOU HAVE THIRTY-THREE (33) DAYS FROM APRIL 9, 2010, TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS.** If you do not respond to the Motion for Summary Judgment or, in the Alternative, Motion to Dismiss, your failure to respond can be viewed as you agreeing to the Court granting the Motion. *See* L.R. 230(l). **IF THAT OCCURS, THOSE CLAIMS ADDRESSED IN THE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS WILL BE DISMISSED AND THERE WILL BE NO TRIAL ON THOSE CLAIMS.**

DATED this 7th day of April, 2010.

_____
Cindy K. Jorgenson
United States District Judge