# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE A. MARTIN,                )   No. CV 1-08-01401-CKJ
                                   )
      Plaintiff,                   )   **ORDER**
                                   )
vs.                                )
                                   )
JAMES A. YATES, et al.,            )
                                   )
      Defendants.                  )
_____  )

Pending before this Court is Plaintiff's Motion for Appointment of Counsel [Doc. 32] and Reply to Defendant's Answer and Motion for a More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. 33].

## I. APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel [Doc. 32]. Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A court must consider both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* given the complexity of his case. *Id.* Neither factor is dispositive, and both must be viewed together before a finding of exceptional circumstances can be made. *Id.*

Plaintiff cites his "permanent[] mobility impair[ment]" as grounds requiring appointment of counsel. He further notes his lack of legal training as a hindrance to

prosecuting this case.  There is no evidence before this Court to suggest the presence of "exceptional circumstances" warranting appointment of counsel.  The Court finds that Plaintiff's difficulty in presenting his claims *pro se* is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).  Thus far, Plaintiff has been able to adequately articulate his claims.  Moreover, there are only two remaining Defendants, and the matters before this Court are not complex.  As such, the Court will not appoint counsel at this time.  Plaintiff's Motion for Appointment of Counsel [Doc. 32] is denied without prejudice.

## II. REPLY TO ANSWER AND MORE DEFINITE STATEMENT

Plaintiff filed a Reply to Defendant's Answer and Motion for a More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. 33].  Rule 7(a), Federal Rules of Civil Procedure, only allows specific pleadings to be filed.  These are:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) *if the court orders one*, a reply to an answer.

Fed. R. Civ. P. 7(a) (emphasis added).  This Court has not ordered a reply to Defendants' Answer [Doc. 31], nor did Defendants allege a counterclaim in their Answer.  As such, Plaintiff's Reply to Defendant's Answer [Doc. 33] is improper.

Plaintiff further moves for a more definitive statement pursuant to Rule 12(e), Federal Rules of Civil Procedure.  Rule 12(e) provides in relevant part: "A party may move for a more definite statement of a pleading *to which a responsive pleading is allowed*."  Fed. R. Civ. P. 12(e) (emphasis added).  A responsive pleading to an answer is not allowed without leave of court.  Fed. R. C. P. 7(a).  This Court has not ordered a reply to Defendants' Answer [Doc. 31], nor did Defendants allege a counterclaim in their

- 2 -

1 Answer.  As such, Plaintiff's Motion for a More Definitive Statement  [Doc. 33] is also
2 improper.
3     Accordingly, IT IS HEREBY ORDERED that:
4     1)  Plaintiff's Motion for Appointment of Counsel [Doc. 32] is DENIED
5 WITHOUT PREJUDICE; and
6     2) Plaintiff's Reply to Defendant's Answer and Motion for a More Definitive
7 Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. 33] is STRICKEN.
8     IT IS FURTHER ORDERED that:
9     A. If they so choose, counsel for Defendants shall depose Plaintiff, at
10 Defendant's expense, on or before **September 1, 2011**.
11    B. All parties are granted until **August 1, 2011**, to move to **join** additional
12 parties or to **amend** their pleadings.
13    C. Parties shall disclose a **witness list** on or before **October 3, 2011**.  On or
14 before that date, the parties are directed to exchange their complete list of witnesses.
15    D. All **discovery**, including depositions of parties (other than the plaintiff),
16 witnesses and experts shall be completed by **November 1, 2011**.  No discovery shall take
17 place after that date without leave of Court upon good cause shown.
18    E. **Dispositive motions** shall be filed on or before **December 1, 2011**.
19        1. Motions shall be submitted upon the record and without oral
20 argument unless otherwise ordered by this Court, pursuant to Local Rules of Practice for
21 the United States District Court, Eastern District of California ("L.R.") 78-230(m).
22        2. Pursuant to L.R.78-230(m) and L.R. 56-260, parties may file a
23 motion, response, and reply.  No additional briefing on a motion is allowed unless leave
24 of Court is granted.  Failure to file a response may be deemed a consent to a granting of
25 the motion.  A response must be served and filed within eighteen (18) days of service on
26 the motion; the moving party has five (5) court days from service to serve and file a reply.
27 Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss for lack of
28 subject matter jurisdiction provide an exception to the above time limits:  the time for a

1  response is 30 days and the time for a reply is 15 days.  Unless otherwise permitted by the
2  Court, a motion or response, inclusive of supporting memorandum but exclusive of
3  attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11
4  pages.

5         3. Any pleading which is submitted with more than one exhibit must be
6  accompanied by a Table of Contents.  The exhibits must be indexed with tabs that
7  correspond to the Table of Contents.  Absent exigent circumstances, the Court will not
8  consider pleadings which do not conform to these requirements.

9     E. The parties are directed to submit a jointly prepared letter regarding the
10  status of settlement by **January 4, 2010**.  The letter shall contain no specific terms of
11  settlement proposals.

12     F. Parties and counsel shall file a **Joint Proposed Pretrial Order** within
13  **thirty (30) days after resolution of the dispositive motions** filed after the end of
14  discovery.  If no such motions are filed, a Joint Proposed Pretrial Order will be due on or
15  before **January 9, 2012**.  The content of the proposed pretrial order shall include, but not
16  be limited to, that prescribed in the **Form of Pretrial Order** attached hereto.  If the
17  parties and counsel are unable to prepare a joint proposed pretrial order, a separate
18  proposed pretrial order shall be submitted to the Court accompanied by a statement why
19  the preparation of the joint proposed pretrial order could not be completed through
20  written correspondence.

21         1. Pursuant to Federal Rule 37(c), the Court will not allow the parties to
22  offer any exhibits, witnesses or other information that were not previously disclosed in
23  accordance with the provisions of this Order and the Federal Rules of Civil Procedure or
24  not listed in the Proposed Pretrial Order, except for good cause.

25     G. Motions for extensions of any of the deadlines set forth above shall be
26  governed by Fed.R.Civ.P. 16, L.R. 6-144.  A motion for continuance shall be filed prior
27  to the expiration of the deadline.  The schedule set forth in this Order may only be
28  modified with leave of Court and upon a showing of good cause.  *See* Fed.R.Civ.P. 16(b);

*Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

This order contemplates that each party will conduct discovery in such a manner to complete, within the deadline, any and all discovery.  "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

The parties should note that willful failure to comply with ***any*** of the terms of this Order,  the Federal Rules of Civil Procedure or other applicable rules may result in dismissal of this action without further notice to Plaintiff, or sanctions upon Defendant. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). Plaintiff is cautioned to comply with all applicable rules of civil procedure; his *pro se* status will not excuse his noncompliance.  *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).

DATED this 2nd day of June, 2011.

_____
Cindy K. Jorgenson
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ,                      Plaintiff,<br><br>vs.<br><br>,                      Defendant. | No. CV-       -CKJ<br><br>**PROPOSED JOINT PRETRIAL ORDER** |

Pursuant to the Scheduling Order entered _____, 20__, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.     COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.     STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(*E.g.*: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Jurisdiction is (not) disputed.)

**C.     NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of action, and the relief sought.

(*E.g.*: This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

**D. CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense.

(*E.g.*: In order to prevail on this products liability case, the plaintiff must prove the following elements . . .)

(*E.g.*: In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . .)

**E. STIPULATIONS AND UNCONTESTED FACTS**

**F. CONTESTED ISSUES OF FACT AND LAW**

**G. LISTS OF WITNESSES**

A jointly prepared list of witnesses, identifying each as either plaintiff's or defendant's and indicating whether a fact or expert witness, must accompany this proposed order.

A brief statement as to the testimony of each expert witness must be included.

**H. LIST OF EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit, and indicating whether an objection to its admission is anticipated.

Exhibits should be marked according to instructions received from the court.

**I. MOTIONS IN LIMINE**

Motions in limine shall be filed and served upon each party with this proposed order.

1 | Any opposition shall be filed and served within ten (10) days.
2 | **J.** **LIST OF ANY PENDING MOTIONS**
3 | **K.** **PROBABLE LENGTH OF TRIAL**
4 | **L.** **FOR A BENCH TRIAL**
5 | Proposed findings of fact and conclusions of law shall be served and filed on each
6 | party with this proposed order.
7 | **M.** **FOR A JURY TRIAL**
8 | Stipulated jury instructions shall be filed thirty (30) days before trial. Instructions
9 | which are not agreed upon, and a concise argument in support of the instruction, shall
10 | be filed and served upon each party thirty (30) days before trial. Objections to the
11 | non-agreed upon instructions shall be filed and served upon each party within ten (10)
12 | days.
13 | **N.** **CERTIFICATION**
14 | The undersigned counsel for each of the parties in this action do hereby certify and
15 | acknowledge the following:
16 | 1. All discovery has been completed.
17 | 2. The identity of each witness has been disclosed to opposing counsel.
18 | 3. Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been
19 | disclosed and shown to opposing counsel.
20 | **O.** **ADOPTION**
21 | The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference
22 | or subsequent hearing.
23 | DATED this _____ day of _____, 20___.
24 | APPROVED AS TO FORM AND CONTENT
25 |
26 |
27 | _____          _____
28 | Attorney for Plaintiff                                      Attorney for Defendant