IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawrence A. Martin,<br><br>    Plaintiff,<br><br>vs.<br><br>James A. Yates, et al.,<br><br>    Defendants. | No. CV-08-01401-CKJ<br><br>**ORDER** |

Plaintiff Lawrence A. Martin is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California. Currently pending before the Court are Plaintiff's Leave for Court to Issue Order for *Martinez* Reports From Defendants [Doc. 37], Plaintiff's Amended Motion for Leave for Order of Taking Depositions of Mark Daley, Donald Hill, Amir Shabazz, Lu Nguyen, Officer Sedwick and Defendants Lopez and Scott [Doc. 40], Defendants' Notice of Motion and Motion to Modify the Scheduling Order; Memorandum of Points and Authorities [Doc. 45], and Defendants' Motion for Summary Judgment [Doc. 46].

**I.    *MARTINEZ* REPORTS**

Plaintiff requests this Court to issue an Order requiring Defendants to prepare a *Martinez* report. *See In re Arizona*, 528 F.3d 652 (9th Cir. 2008). Rule 16, Federal Rules of Civil Procedure, gives the district court broad discretion to manage the pretrial litigation of a case. Fed. R. Civ. P. 16 adv. comm. n. 1983 a. The Court's June 2, 2011 Order [Doc. 34] set the scheduling deadlines in this matter, and did not contemplate the

need for the filing of a *Martinez* report by Defendants.  At the time of the Scheduling Order, the Court had screened Plaintiff's Complaint [Doc. 1] and ruled on a motion to dismiss by Defendants J. Ahlin, F. Igbinosa, C. Herrera, R. Hoyt and S. Lopez.  In its discretion, the Court does not find that it would be significantly aided by the preparation of a *Martinez* report by Defendants.  Accordingly, Plaintiff's Leave for Court to Issue Order for *Martinez* Reports From Defendants [Doc. 37] is denied.

## II.     LEAVE FOR DEPOSITIONS[1]

Plaintiff seeks an Order from this Court compel the deposition of several witness "via video conference."  Pl.'s Amended Mot. for Leave for Order of Taking Depositions of Mark Daley, Donald Hill, Amir Shabazz, Lu Nguyen, Officer Sedwick and Defendants Lopez and Scott [Doc. 40] at 2..  Plaintiff further requests that the Court appoint a "certified shorthand reporter" and "to make the necessary arrangements and costs."  *Id.*

Plaintiff relies on Rule 30, Federal Rules of Civil Procedure, for his requests.  As an initial matter, Plaintiff's reliance on Rule 30(a)(2)(B), Fed. R. Civ. P. is misplaced.  The rule states in relevant part that: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . (B) if the *deponent* is confined in prison."  Fed. R. Civ. P. 30(a) (emphasis added).  A deponent is "[o]ne who testifies by deposition."  Black's Law Dictionary (9th ed. 2009).  As such, Plaintiff's own incarceration is irrelevant.

Rule 30(b) governs the requirements for noticing a deposition.  Fed. R. Civ. P. 30(b).  "The noticing party bears the recording costs."  Fed. R. Civ. P. 30(b)(3)(A).

---

[1] The docket indicates that Plaintiff's Leave for Order of Taking Depositions of Mark Daley, Donald Hill, Amir Shabazz, Lu Nguyen, Officer Sedwick and Defendants F. Igbinosa, J. Ahlin, R. Hoyt and C. Herrera [Doc. 38] is still pending.  This motion was superseded by Plaintiff's Amended Motion for Leave for Order of Taking Depositions of Mark Daley, Donald Hill, Amir Shabazz, Lu Nguyen, Officer Sedwick and Defendants Lopez and Scott [Doc. 40].  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("an amended pleading supersedes the original pleading").

- 2 -

1  Plaintiff has not provided this Court with any authority to indicate that he is entitled to
2  payment of discovery costs based on his status as an indigent, *pro se* prisoner.  The
3  United States Supreme Court has stated that "the expenditure of public funds [on behalf
4  of an indigent litigant] is proper only when authorized by Congress[.]" *United States v.*
5  *MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976).  The *in*
6  *forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public
7  funds for an indigent party's litigation expenses, including discovery.  *See e.g.*, *Brown v.*
8  *Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006) (no deposition costs for indigent inmate
9  proceeding *pro se*); *Rivera v. DisAbato*, 962 F.Supp. 38, 40 (D. N.J. 1997) (no provision
10 in 28 U.S.C. § 1915(b) or other statute authorizing payment of litigation expenses for
11 indigent litigants in a civil lawsuit); *Wright v. United States*, 948 F.Supp. 61, 62 (M.D. Fl.
12 1996) (Section 1915, 28 U.S.C., "does not give the trial court authority to direct the
13 government to pay for such [litigation costs]."); *Badman v. Stark*, 139 F.R.D. 601, 604
14 (M.D. Penn. 1991) (acknowledging rules allowing for payment of certain costs to
15 indigent criminal defendants and the lack of similar provisions for indigent civil litigants);
16 *Roe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986) ("The primary purpose of §
17 1915 is to provide indigent litigants with an opportunity to litigate their claims . . .
18 [c]ompelling the Government to advance deposition costs . . . distorts the objectives of the
19 statute."); *Sturdevant v. Deer*, 69 F.R.D. 17 (E.D. Wis. 1975) ("no cases in which . . .
20 section 1915 . . . [extends] to the cost of taking and transcribing a deposition."); *Ebenhart*
21 *v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether
22 Section 1915 authorizes this Court to order the appropriation of Government funds in
23 civil suits to aid private litigants in conducting pre-trial discovery.").  Plaintiff's indigent
24 status does not mean that his litigation costs can be arbitrarily thrust upon Defendants,
25 other persons, or other agencies.  As such, Plaintiff's request for the appointment of a
26 court reporter will be denied.
27      Furthermore, Plaintiff requests that the Court order that depositions be conducted
28 via teleconferencing, but has not provided any information about whether such

- 3 -

1 technology is available at the facility where he is housed and/or whether the facility has
2 any requirements regarding the use of such technology.  At this time, the Court will deny
3 this request.  Plaintiff is advised, however, that the Court will reconsider this request if he
4 provides sufficient information to the Court so the Court can consider whether such an
5 Order would place an unreasonable burden on the facility.  Further, Plaintiff, in making
6 such a request, must provide the name and contact information of a facility employee that
7 the Court may contact to discuss procedural requirements that may apply and, therefore,
8 must be addressed in any order directing facility personnel to permit or facilitate
9 teleconferencing.

10 Additionally, the Court notes that Defendants aver that they will comply with a
11 properly noticed deposition pursuant to Rule 30(b), Federal Rules of Civil Procedure;
12 however, to date, Plaintiff has failed to comply with the notice requirements.  Plaintiff is
13 reminded that he must serve reasonable written notice upon Defendants for any witness
14 that he wishes to depose prior to the time for such deposition to occur.  The Court will not
15 compel witnesses for deposition if Plaintiff fails to fulfill the basic procedural
16 requirements outlined in the Federal Rules of Civil Procedure.

17 Finally, the Court's June 2, 2011 Order [Doc. 34], provided that all discovery shall
18 be completed by November 1, 2011.  The Court shall extend discovery in this matter for
19 the limited purpose of allowing Plaintiff to complete any depositions that he deems
20 necessary, consistent with this Order.  As such, Plaintiff will be given an additional sixty
21 (60) days from the date of this Order to complete depositions in this matter.

22

23 **III.     EXTENSION OF DISPOSITIVE MOTION DEADLINE**

24 Defendants seek an extension of time, from December 1, 2011 until December 15,
25 2011 to file any dispositive motions.  Defendants motion shall be granted, and their
26 Motion for Summary Judgment [Doc. 46] is deemed timely filed.
27  . . .
28  . . .

## IV. MOTION FOR SUMMARY JUDGMENT, *RAND* NOTICE

On December 15, 2011, Defendant filed a Motion for Summary Judgment [Doc. 46]. Defendant's motion is now pending before the Court. The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**ACCORDINGLY**, the Court **NOTIFIES** Plaintiff as follows:

1. Defendant is seeking to have your case dismissed through a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment means that instead of going to trial where you and Defendants can argue your versions of the facts and present witnesses in support of your versions, the Court decides the case after reading the Motion, your Response, and Defendant's Reply. **IF THE COURT GRANTS THE MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL**. Rule 56 tells you what you must do in order to oppose the motion.

   a. Generally, a Motion for Summary Judgment must be granted when the Court finds that, through the Motion for Summary Judgment, Defendant has demonstrated there is no real dispute about any fact that would affect the outcome of your case, and the Court is able to decide that the Defendant is entitled to judgment as a matter of law.

   b. When Defendant supports a Motion for Summary Judgment with proper declarations (or other sworn testimony) or other evidence, you cannot merely rely on what your Complaint says to defend your version of the issues and facts. Instead, you must show that there is a genuine issue of material fact. In order to do this, you must also set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendant's declarations and documents.

1          c.       The declarations or other sworn testimony setting out your specific facts must be made on personal knowledge, must set forth such facts as would be admissible as evidence, and must affirmatively show that the affiant is competent to testify regarding the matters in the declaration or other sworn testimony.

        d.       If the Court determines that any of the declarations or other sworn testimony are made in bad faith, the Court may order the party employing the bad faith to pay the other party for costs associated with controverting that testimony, including the other party's attorney's fees.

    2.       If you do not submit your own evidence in opposition to the Motion, the moving party's evidence might be taken as truth and final Judgment might be entered against you without a trial. **IF THAT OCCURS, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL.**

    3.       In addition, Rule 56.1(a), Rules of Practice of the United States District Court for the District of Arizona ("LRCiv."), requires that you include, as a document separate from your Response to the Motion for Summary Judgment, a statement of the specific facts on which you are relying in opposing the Summary Judgment motion. In this statement of facts, you cannot provide a general description of the facts. Instead, you must list each specific fact on which you rely in a separately numbered paragraph, and must explain where in the record that fact can be found. For example, if one of your facts is that a certain prison official did something, you must explain where that fact can be found – in a certain declaration, affidavit, deposition, answer to interrogatories, authenticated document, etc.

    4.       **YOU HAVE THIRTY-THREE (33) DAYS FROM DECEMBER 26, 2011, TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT.** LRCiv. 56.1(b) and (d); Fed. R. Civ. P. 6(e). If you do not respond to the Motion for Summary Judgment, your failure to respond can be viewed as you agreeing to the Court granting the Motion. *See* LRCiv. 7.2(i). **IF THAT OCCURS, THOSE CLAIMS ADDRESSED IN THE MOTION FOR SUMMARY JUDGMENT WILL BE DISMISSED AND**

1  **THERE WILL BE NO TRIAL ON THOSE CLAIMS.**

2  5. If you require additional time to gather factual evidence through deposition
3  testimony, then you must seek additional time to respond from this Court prior to the
4  response deadline. Furthermore, such additional time will not be given unless you
5  provide detailed information about what you expect the witness to say and/or how the
6  witness's testimony is relevant to this case. Additionally, you must comply with the
7  admonitions regarding depositions outlined above.

9  IT IS FURTHER ORDERED that:

10  1) Plaintiff's Leave for Court to Issue Order for *Martinez* Reports From
11  Defendants [Doc. 37] is DENIED;

12  2) Plaintiff's Amended Motion for Leave for Order of Taking Depositions of
13  Mark Daley, Donald Hill, Amir Shabazz, Lu Nguyen, Officer Sedwick and Defendants
14  Lopez and Scott [Doc. 40] is DENIED WITHOUT PREJUDICE. Plaintiff shall have
15  sixty (60) days to complete depositions consistent with this Order; and

16  3) Defendants' Notice of Motion and Motion to Modify the Scheduling Order;
17  Memorandum of Points and Authorities [Doc. 45] is GRANTED. Defendants' Motion
18  for Summary Judgment [Doc. 46] is deemed timely filed.

19  DATED this 21st day of December, 2011.

_Cindy K. Jorgenson_
Cindy K. Jorgenson
United States District Judge