**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawrence A. Martin, ) | No. CV 1-08-01401-CKJ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| James A. Yates, et al., ) | |
| Defendants. ) | |

Currently pending before the Court is Defendant K. Scott's Motion for Summary Judgment [Doc. 58]. On August 28, 2012, the Court issued its Order [Doc. 56] granting in part and denying in part Defendants Lopez and Scott's Motion for Summary Judgment [Doc. 46]. Defendant Scott was given additional time, on or before September 12, 2012, to file an appropriate Motion for Summary Judgment and Plaintiff was instructed to respond on or before September 21, 2012. Defendant K. Scott filed his motion on September 12, 2012. Plaintiff has not filed a response.

**I. FACTUAL BACKGROUND**

The Court incorporates the factual recitation of its August 28, 2012 Order [Doc. 56] herein by reference. The Court further notes that the factual background provided by Defendant K. Scott in his recent motion is consistent with that relied upon by this Court in its previous decisions.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986), "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment. *Id.*  In order to withstand a motion for summary judgment, the nonmoving party must show "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Moreover, a "mere scintilla of evidence" does not preclude the entry of summary judgment. *Anderson*, 477 U.S. at 252. The United States Supreme Court also recognized that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

## III.    ANALYSIS

As an initial matter, in its August 28, 2012 Order [Doc. 56], the Court notified Plaintiff that Defendant Roche would be terminated within twenty-one (21) days for failure to serve.  Plaintiff has not filed any objections.  As such, Defendant Roche shall be dismissed from this cause of action without prejudice.  The Court now turns to Defendant K. Scott's request for summary judgment.

As this Court stated previously, under the Eighth Amendment, punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."

1 *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Only deprivations denying the minimal
2 civilized measure of life's necessities are sufficiently grave for an Eighth Amendment
3 violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted).
4 These are "deprivations of essential food, medical care, or sanitation" or "other conditions
5 intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

6 An Eighth Amendment claim also requires a sufficiently culpable state of mind by
7 the defendants—deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 114
8 S.Ct. 1970, 1977, 12 L.Ed.2d 811 (1994). To act with deliberate indifference, a prison
9 official must both know of and disregard an excessive risk to inmate health; the official
10 must both be aware of facts from which the inference could be drawn that a substantial
11 risk of serious harm exists and he must also draw the inference. *Id*. at 837, 114 S.Ct. at
12 1979; *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir. 2002). To prove
13 that officials knew of the risk, however, the prisoner may rely on circumstantial evidence;
14 in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See*
15 *Farmer*, 511 U.S. at 842, 114 S.Ct. at 1981; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th
16 Cir. 1995). Deliberate indifference is something more than mere negligence but "is
17 satisfied by something less than acts or omissions for the very purpose of causing harm or
18 with knowledge that harm will result." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.
19 2005) (quoting *Farmer*, 511 U.S. at 835).

20     1.    Defendant Scott's Contentions

21 Defendant Scott avers that once Plaintiff was evaluated by his primary care physician
22 at PVSP on January 3, 2008, "any chrono from PVSP would supersede the chrono from the
23 previous institution." Def. Scott's Decl. [Doc. 58-4] at ¶ 12. At that point, Defendant Scott
24 states that he "did not have the authority to cell-feed inmate Martin based on a prior chrono."
25 *Id.* Defendant Scott further avers that if he, "or one of the correctional staff under [his]
26 supervision, did cell feed inmate Martin without a valid chrono from PVSP (excluding the
27 lockdown period when black inmates, including Martin, were cell-fed), they would be subject
28 to adverse employment action." *Id.* at 16.

Defendant Scott states that he "was not responsible for, nor did [he] have authority over, determination of inmate Martin's request to be cell-fed at PVSP. *Id.* at ¶ 21. Defendant Scott "was not part of any Chrono Committee or Medical Authorization Review Committee at PVSP that determined whether inmate Martin should be cell-fed." *Id.* at ¶ 22. Furthermore, during the period in which Plaintiff was not cell-fed, he "sustain[ed] [him]self by eating from the 'store[.]'" Compl. [Doc. 1] at 44.

### 2. Analysis

Defendant Scott is entitled to summary judgment on the claim. The Court finds that the failure to cell feed Plaintiff presents a sufficiently serious risk of harm to constitute an Eighth Amendment violation. *Farmer*, 511 U.S. at 832. In light of the circumstances surrounding this failure, however, Defendant Scott did not act "with a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). Further, given Plaintiff's failure to present any evidence, the Court cannot discern a triable issue of fact.

When Plaintiff was initially transferred to PVSP, he was cell fed due to the lock down. Plaintiff testified that he saw Dr. Coleman within thirty (30) days of his transfer. Depo. of Lawrence Martin 8/26/2011 [Doc. 46-2] at 32:15-21. Once the lock down ended, Defendant Scott followed CDCR policy and honored the chrono issued by PVSP, which did not include cell feeding. Defendant Scott lacked authority to demand Plaintiff be cell-fed. Moreover, Plaintiff was sustaining himself with food from the "store." Defendant Scott's actions do not suggest a sufficiently culpable state of mind to support a finding of deliberate indifference. Defendant Scott is entitled to summary judgment.

. . .
. . .
. . .
. . .
. . .
. . .

Accordingly, IT IS HEREBY ORDERED that:

1) Defendant Roche shall be dismissed without prejudice from this case.

2) Defendant Scott's Motion for Summary Judgment [Doc. 58] is GRANTED.

3) The Clerk of the Court is directed to close its file in this matter.

DATED this 26th day of September, 2012.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge