**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawrence A. Martin,           ) | No. CV 1-08-01401-CKJ |
| )  | |
| Plaintiff,       ) | **ORDER** |
| ) | |
| vs.                ) | |
| ) | |
| James A. Yates, et al.,       ) | |
| ) | |
| Defendants.     ) | |
| _____) | |

Currently pending before the Court is Defendant K. Scott's Motion for Summary Judgment [Doc. 58]. On August 28, 2012, the Court issued its Order [Doc. 56] granting in part and denying in part Defendants Lopez and Scott's Motion for Summary Judgment [Doc. 46]. Defendant Scott was given additional time, on or before September 12, 2012, to file an appropriate Motion for Summary Judgment and Plaintiff was instructed to respond on or before September 21, 2012. Defendant K. Scott filed his motion on September 12, 2012. Plaintiff has not filed a response.

**I.     FACTUAL BACKGROUND**

The Court incorporates the factual recitation of its August 28, 2012 Order [Doc. 56] herein by reference. The Court further notes that the factual background provided by Defendant K. Scott in his recent motion is consistent with that relied upon by this Court in its previous decisions.

1 **II.     STANDARD OF REVIEW**

2     Summary judgment is appropriate when, viewing the facts in the light most
3 favorable to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255
4 (1986), "there is no genuine issue as to any material fact and [] the moving party is
5 entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" if it
6 "might affect the outcome of the suit under the governing law," and a dispute is
7 "genuine" if "the evidence is such that a reasonable jury could return a verdict for the
8 nonmoving party." *Anderson*, 477 U.S. at 248.  Thus, factual disputes that have no
9 bearing on the outcome of a suit are irrelevant to the consideration of a motion for
10 summary judgment. *Id.*  In order to withstand a motion for summary judgment, the
11 nonmoving party must show "specific facts showing that there is a genuine issue for
12 trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Moreover, a "mere scintilla of
13 evidence" does not preclude the entry of summary judgment. *Anderson*, 477 U.S. at 252.
14 The United States Supreme Court also recognized that "[w]hen opposing parties tell two
15 different stories, one of which is blatantly contradicted by the record, so that no
16 reasonable jury could believe it, a court should not adopt that version of the facts for
17 purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372,
18 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

19

20 **III.    ANALYSIS**

21     As an initial matter, in its August 28, 2012 Order [Doc. 56], the Court notified
22 Plaintiff that Defendant Roche would be terminated within twenty-one (21) days for
23 failure to serve.  Plaintiff has not filed any objections.  As such, Defendant Roche shall be
24 dismissed from this cause of action without prejudice.  The Court now turns to Defendant
25 K. Scott's request for summary judgment.

26     As this Court stated previously, under the Eighth Amendment, punishment may
27 not be "barbarous" nor may it contravene society's "evolving standards of decency."

28

...

*Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for an Eighth Amendment violation.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted).  These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.

An Eighth Amendment claim also requires a sufficiently culpable state of mind by the defendants—deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 12 L.Ed.2d 811 (1994).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  *Id*. at 837, 114 S.Ct. at 1979; *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir. 2002).  To prove that officials knew of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  *See Farmer*, 511 U.S. at 842, 114 S.Ct. at 1981; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).  Deliberate indifference is something more than mere negligence but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 835).

### 1.  Defendant Scott's Contentions

Defendant Scott avers that once Plaintiff was evaluated by his primary care physician at PVSP on January 3, 2008, "any chrono from PVSP would supersede the chrono from the previous institution."  Def. Scott's Decl. [Doc. 58-4] at ¶ 12.  At that point, Defendant Scott states that he "did not have the authority to cell-feed inmate Martin based on a prior chrono."  *Id.*  Defendant Scott further avers that if he, "or one of the correctional staff under [his] supervision, did cell feed inmate Martin without a valid chrono from PVSP (excluding the lockdown period when black inmates, including Martin, were cell-fed), they would be subject to adverse employment action."  *Id.* at 16.

1  Defendant Scott states that he "was not responsible for, nor did [he] have authority
2  over, determination of inmate Martin's request to be cell-fed at PVSP. *Id.* at ¶ 21. Defendant
3  Scott "was not part of any Chrono Committee or Medical Authorization Review Committee
4  at PVSP that determined whether inmate Martin should be cell-fed." *Id.* at ¶ 22.
5  Furthermore, during the period in which Plaintiff was not cell-fed, he "sustain[ed] [him]self
6  by eating from the 'store[.]'" Compl. [Doc. 1] at 44.

### 2. Analysis

Defendant Scott is entitled to summary judgment on the claim. The Court finds that the failure to cell feed Plaintiff presents a sufficiently serious risk of harm to constitute an Eighth Amendment violation. *Farmer*, 511 U.S. at 832. In light of the circumstances surrounding this failure, however, Defendant Scott did not act "with a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). Further, given Plaintiff's failure to present any evidence, the Court cannot discern a triable issue of fact.

When Plaintiff was initially transferred to PVSP, he was cell fed due to the lock down. Plaintiff testified that he saw Dr. Coleman within thirty (30) days of his transfer. Depo. of Lawrence Martin 8/26/2011 [Doc. 46-2] at 32:15-21. Once the lock down ended, Defendant Scott followed CDCR policy and honored the chrono issued by PVSP, which did not include cell feeding. Defendant Scott lacked authority to demand Plaintiff be cell-fed. Moreover, Plaintiff was sustaining himself with food from the "store." Defendant Scott's actions do not suggest a sufficiently culpable state of mind to support a finding of deliberate indifference. Defendant Scott is entitled to summary judgment.

. . .
. . .
. . .
. . .
. . .
. . .

1  Accordingly, IT IS HEREBY ORDERED that:

2  1) Defendant Roche shall be dismissed without prejudice from this case.

3  2) Defendant Scott's Motion for Summary Judgment [Doc. 58] is GRANTED.

4  3) The Clerk of the Court is directed to close its file in this matter.

5  DATED this 26th day of September, 2012.

_____
Cindy K. Jorgenson
United States District Judge